244 So.2d 818

**STATE of Louisiana**

**v.**

**Charles HOOVER.**

**No. 50720.**

Feb. 24, 1971.

Milton P. Masinter, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SUMMERS, Justice.

This is an appeal from Charles Hoover's conviction for simple battery and his sentence to three months incarceration in the parish prison on each of two counts in a bill of information charging aggravated battery on Lester Carr and Bernard Albers.

The appeal is based upon two bills of exceptions reserved during the course of the trial and a contention, unsupported by any bill of exceptions, that the trial judge erroneously denied a new trial. Neither bill was argued or briefed, counsel having submitted the bills as they appeared on the record. Defense counsel's entire brief is devoted to the denial of a new trial.

The incident giving rise to the charges against Hoover occurred on September 5, 1966 in the city of New Orleans. The neighborhood in the vicinity of the 5700 block of Florida Avenue was known to Officers Lester Carr and Bernard Albers of the city police to be frequently used as a stripping ground for stolen automobiles. Therefore, when their patrol activity brought them into this neighborhood that night they turned the lights off on their car and cruised at ten miles per hour along Florida Avenue.

As they entered the 5700 block the officers noticed a stealthy movement behind a Chevrolet automobile parked on the left-hand side of the street. The vehicle was resting on its wheel drums, the wheels having been removed. The patrol car was stopped alongside the Chevrolet and they got out to investigate. Officer Carr walked to the front of the Chevrolet and Albers proceeded to investigate to the rear.

When Carr rounded the front of the Chevrolet he saw a pair of legs protruding from beneath the left front side. He identified himself and requested that the concealed party come out. In response Hoover came from under the left front fender and swung at Carr with an iron ratchet extension or handle, striking him on the neck and stunning him momentarily. Albers then came forth and tried to grab Hoover, who struck him on the wrist with the iron handle. About this time Carr recovered, and together the officers subdued and handcuffed Hoover who was then brought to the police station under arrest. Both Carr and Albers received medical treatment for minor injuries.

In addition to the ratchet extension used by Hoover in his attack on the officers, a quantity of automobile tools was found near the Chevrolet and a flashlight was located beneath the partially stripped vehicle. Some tools were in Hoover's pockets with several sets of car keys. Further inquiry at the Auto Theft Bureau disclosed that the automobile under which Hoover was found was stolen, and this information was incorporated in the report filed by Carr and Albers.

Bill of Exceptions No. 1 was reserved during the trial when the State's attorney was examining Officer Carr regarding his reasons for patrolling the 5600 and 5700 blocks of Florida Avenue. Carr was asked, "For what purpose were you in the

neighborhood?" to which he replied, "The location of the 56 or 5700 block of Florida, we found numerous stolen cars there, that were stripped, and we were patrolling this area regularly." Defense counsel objected to the answer given by Carr, his objection was overruled and this bill was reserved.

■ In his per curiam the trial judge points out that defense counsel gave no reason for the objection. Nor was a legal basis for the objection incorporated in the bill when it was perfected. Since this bill was not briefed, no reason for the objection has been advanced. Another circumstance bearing strongly against conceding any possible validity to this objection is the fact that defense counsel subsequently propounded this question to Officer Carr: "Is it police procedure, is it customary to cruise around on public streets with your lights out?", to which Carr replied, "In certain areas we do, not all of them, certain sections where we found a lot of stolen cars are stripped." By this question and answer the identical information was elicited to which counsel had previously objected. Any prejudice which could result from the information, therefore, was not attributable to the prosecution.

The bill is without merit.

Bill No. 2 was reserved during the course of the closing argument being deliv-ered to the jury by the State's attorney. The portion of the closing argument which is pertinent to this bill is not incorporated in nor attached to the bill, but we are indebted to the trial judge for furnishing the necessary information in his per curiam. In the closing argument the State's attorney stated, "But they said upon their information received from the Auto Theft Bureau, the car was reported stolen and the report of the stolen car is in their report." Defense counsel objected "to what he said about the stolen police report and such a report is not in the record." When the trial judge refused to sustain the objection because neither defense counsel nor the State's attorney could repeat the statement defense counsel found objectionable, this bill was reserved. At the time the trial judge stated, "We'll cure this later on, if necessary," meaning that they would obtain a verbatim playback of the controverted statement from the tape recording, at which time he would rule upon the objection. Later the trial judge did this. The statement claimed to be objectionable, being quoted above.

As we have noted in our narration of the facts, Officers Carr and Albers did inquire at the Auto Theft Bureau where they ascertained that the car was stolen. This information was incorporated in the report which they filed in the case.

We consider the remarks of the State's attorney entirely acceptable as an argument based upon evidence admitted at the trial. La.Code of Crim.P. art. 774. Conceivably the language of the State's attorney could be construed as a statement that the Auto Theft Bureau report of the stolen car was in the record, which is not correct, but the more plausible construction of the statement is that the officers included in their report the results of their inquiry with the Auto Theft Bureau. This fact was testified to without objection and stands unrefuted in the record. Under these circumstances, it is a subject upon which the State's attorney may properly comment in closing argument. We do not hold counsel to strict accountability for grammatically imprecise statement in closing argument.

This Bill is without merit.

Finally, we are unable to review the trial judge's ruling denying a new trial. A hearing was held on the motion, but no objection was made to the ruling of the trial judge, and no bill of exceptions was reserved. La.Code of Crim.P. arts. 841 et seq. and art. 920.

The conviction and sentence are affirmed.