SANDERS, Chief Justice.
The Grand Jury of Orleans Parish indicted the defendant, Charles Varnado, for the murder of Huey Pellerin on February 2, 1973. LSA-R.S. 14:30. After trial, the jury returned a verdict of guilty without capital punishment but without the benefit of probation, parole, or suspension of sentence. Accordingly, the trial judge sentenced the defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence.
Defendant has appealed, relying upon one bill of exceptions reserved during the trial.
The State’s eye-witness, Mrs. Florence Pellerin, testified that on the afternoon of February 2, 1973, Varnado parked his maroon Pontiac GTO at the intersection of Adams and Burthe Streets in New Orleans. He flagged down the victim’s automobile, drew a pistol, and shot the victim several times.
The defense was alibi, that is, that defendant was not present at the scene of the crime and could not have been, because his automobile was not operational and was in the hands of a mechanic for repair.
To establish that the automobile had mechanical failure, defense counsel offered in evidence the written answers to defense questions made by one Robert C. Lewis, a resident of the State of Ohio. The witness stated that it was impossible for him to attend the trial. The document was sworn to and subscribed before an Ohio Notary Public.
The State objected to the introduction of the document, asserting that the affidavit was inadmissible because the State had no opportunity to cross-examine Lewis. The trial judge sustained the objection.
Defense counsel argues that the unwillingness of the witness to testify provided a sufficient reason for the admission of the document in evidence. He cites LSA-R.S. 15:258-259, relating to the depositions of imprisoned witnesses, and LSA-R.S. 15:456, relating to documents in authentic form.
The cited statutes are inapplicable. LSA-R.S. 15:258-259 authorizes the taking of the deposition of a witness who has been imprisoned in default of giving bond for his appearance at the trial. The present witness is not in that category. LSA-R.S. 15:456 deals only with the foundation required for the admission of documents in evidence.
*113 The pertinent statute is Article 741 of the Louisiana Code of Criminal Procedure, setting forth the method of securing the attendance at the trial of out-of-state witnesses. These procedures were not followed.
The document sought to be introduced here was no more than an out-of-court statement, given by a witness without notice to the State and without the benefit of cross-examination. Since it was offered to prove the truth of its content, it was hearsay. State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971); Pugh, Louisiana Evidence Law, pp. 388-389 (1974). It fell within none of the exceptions to the hearsay rule. Hence, it was inadmissible. LSA-R.S. 15:434.
We conclude that the ruling of the trial judge was correct.
For the reasons assigned, the conviction and sentence are affirmed.