319 So.2d 409 (1975)
STATE of Louisiana
v.
Richard Lee BROWN.
No. 56363.
Supreme Court of Louisiana.
October 1, 1975.
*411 C. Alvin Tyler, C. Alvin Tyler & Associates, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Aubert D. Talbot, Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Brown was convicted of armed robbery in Assumption Parish after a trial by jury in June, 1973. He was sentenced to ninety-nine years at hard labor under the provisions of La.R.S. 14:64. He assigns four errors which he contends require reversal of his conviction.
Assignment of Error Nos. 1 and 2.
Defendant contends that there was systematic exclusion of women from the jury which tried his case and that the jury's composition was not in accordance with La.C.Cr.P. Art. 401 which allows persons in the eighteen to twenty-one age group to serve on juries. Defendant challenged the composition of the petit jury on these two bases orally on the morning of the trial. But his motions were never made in written form. Article 536 of the Code of Criminal Procedure requires that a motion to quash, which is the proper vehicle for challenging a jury, be made in writing. In any event, defendant was tried in 1973, before the United States Supreme Court held in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) that the Louisiana system of requiring women to register in order to serve on juries was unconstitutional. That Court held in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975) that the Taylor holding was not retroactive. In State v. Rester, 309 So.2d 321 (La., 1975), the Louisiana Supreme Court adopted the reasoning in Daniel v. Louisiana, supra, in holding that Taylor v. Louisiana, was not retroactive. The defendant's challenge to the age group of the people who composed the petit jury is also without merit. To support such a challenge, defendant is required to make a showing that the state has not complied with the statutory procedures for composition of a petit jury venire or has systematically excluded persons who were younger than twenty-one from juries. Had the defendant offered a prima facie case, of course, the burden would have shifted to the state to demonstrate proper procedures and lack of discrimination. Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970). But since the defendant made no showing at all to support his assertion that the jury members were not properly selected, he did not carry the burden of establishing a prima facie case.
This assignment of error lacks merit.
Assignment of Error No. 3.
Defendant Brown argues that the trial court erred in refusing to exclude certain evidence as hearsay during the state's interrogation of Ronald Desire.[1]
The following witness response is at issue:
"I got up Tuesday morning and me and Howard we went on the bridge and the night I talked to Richie he told me he was going to meet me on the bridge. Before I met Richie Brown I went across the store by myself and I bought a soda drink and I came back and as I was going down the lane Richie Brown called back to me and me and him started talking and he asked me did I talk to Howard, did I ask Howard about going in the store with us, and I said yes."
At this point defense counsel interposed a hearsay objection which was overruled by the trial court.
*412 It is unclear from the record whether counsel was objecting to the recounting by the witness of the remark of the defendant or, as defendant argues in brief, of the recounting of the remark by Howard Mills. Clearly, repeating what the defendant said to the witness is not excluded as hearsay because it is considered an admission. State v. Butler, 302 So.2d 585 (La. 1974); McCormick on Evidence, §§ 144, 145 (Cleary Ed. 1972). If the defense was objecting to the witness' testifying as to what was said by Howard Mills, that objection was groundless since the witness at no time repeated anything spoken by Mills.
The assignment of error has no merit.
Assignment of Error No. 4.
While defense counsel was questioning the defendant on the stand, the attorney turned to the prosecutor and asked, "Excuse me. Is it all right if I" Apparently the attorney was seeking the prosecutor's permission to question the defendant about a tangential matter. The district attorney answered: "You can ask him anything you want the way he's lying." Defense counsel then took "exception to the district attorney's comments" following which he moved for a mistrial.[2]
The trial judge stated "I didn't hear his comment but your objection is overruled; your motion for a mistrial is denied." The defense counsel did not at any point request that the jury be admonished to disregard the prosecuting attorney's comment. He did however reserve a bill to the court's denying his motion for mistrial and asked that the district attorney's comment, the objection, and the ruling of the court be made part of the bill.
Under Article 770 of the Code of Criminal Procedure, a mistrial is required, when a remark or comment is made within hearing of the jury by the district attorney during trial or in argument, only when it refers directly or indirectly to:
"(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict."
The district attorney's comment of which complaint is made in this case does not relate to any of these four matters. We construe the remark ". . . he's lying" as one which is "irrelevant and immaterial and of such nature that it might create prejudice against the defendant in the mind of the jury," and, inasmuch as it is not within the scope of Art. 770, the court is not required to grant a mistrial (see Art. 771). While the district attorney's assertion that the defendant while on the stand was lying is not such conduct as we are disposed to condone, and while it is a rather obvious flirtation with reversible error, there are two reasons why we conclude that in this case the conviction should not be reversed.
First, it is not certain, from a review of the transcript that the jury overheard this comment. The district attorney was speaking to the defense attorney responding to his question, a question which was actually an aside. The judge for one stated that he had not heard the district attorney's comment.
A second reason why we find the improper comment not reversible, assuming it was heard by the jury, is this.
*413 The prejudice which may flow from the prosecutor's calling defendant a liar is that the jury may conclude that the comment is based upon personal knowledge and facts outside the record. See State v. Kaufman, 304 So.2d 300 (1974). In the context in which the comment was made, following as it did a lengthy, complicated and sometimes argumentative exculpatory story by defendant, the logical conclusion is that the jury viewed the comment as that of a partisan, perhaps combative, frustrated state's advocate, rather than that of a public official alluding to facts known by him which are outside the record.
Although we do not condone the inappropriate comment of the prosecutor we do not find reversible error in these circumstances. Nor do we find improper the failure of the trial judge to admonish the jury to disregard a comment which he advised defense counsel he had not heard and which was not restated or read back to him so as to facilitate an informed ruling.
The assignment of error lacks merit.
For the reasons assigned the conviction is affirmed.
NOTES
[1] Ronald Desire and Richard Brown (sometimes called Richie) were indicted jointly for this crime. After pleading guilty, Desire testified at Brown's trial and implicated Brown and a third person, Howard Mills, in the plan to rob the store.
[2] The prosecutor's instant retort to counsel's motion for mistrial expressed prior to the court's ruling on the motion was "And the comments will get worse, Your Honor, as soon as I cross-examine him."