324 So.2d 438 (1975)
STATE of Louisiana
v.
Katherine Faye JUNEGAIN et al.
No. 56521.
Supreme Court of Louisiana.
December 8, 1975.
*439 Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Katherine Faye Junegain, Edward Hall, Jr., and Ronnie Lee Francois with possession of heroin with intent to distribute in violation of LSA-R.S. 40:971. The jury found Hall and Francois guilty as charged and Katherine Faye Junegain guilty of attempted possession of heroin. The court sentenced Hall to serve fifteen years at hard labor. Francois was sentenced to serve twenty years at hard labor, and Junegain was sentenced to two years at hard labor. They appeal their convictions and sentences, relying on three assignments of error.
On March 6, 1972, New Orleans police officers conducted a surveillance of 3923 Duplessis Street in New Orleans. Officer Ben took photographs of activities which appeared to be narcotic transactions. On March 11, 1972, pursuant to a search warrant, the officers conducted a search of the apartment and seized 96 glassine envelopes of heroin and narcotics paraphernalia, including a plastic eye-dropper, a hypodermic needle, and a bottle cap with heroin residue in it.
When the officers arrived to conduct the search, Ronald Francois and Katherine Junegain were in the apartment. Junegain ran out of the door but was later arrested and charged. Francois ran upstairs to a bedroom where the narcotics were found, and he was arrested there. Defendant Hall, who had left the apartment earlier, was arrested when he returned to the apartment while the officers were executing the search warrant.

ASSIGNMENT OF ERROR NO. 1
Defendants objected to the introduction at trial of State's Exhibits Nos. 1-17 on the grounds that they were irrelevant. The exhibits included an envelope containing a glassine envelope of heroin and silver tin foil, an envelope containing a pink handkerchief and a bottle cap, seven photographs, a search warrant, some brown paper, a bundle of glassine envelopes, and three field arrest reports.
Katherine Junegain contends that with the exception of the field arrest report, none of the State's evidence is relevant to the State's case against her. She specifically alleges that neither the heroin nor the heroin paraphernalia were taken from her or linked to her. In addition, she neither resided at the apartment at 3923 Duplessis Street nor was identified in any of the photographs introduced at trial.
*440 Her assertions, however, do not make the exhibits irrelevant. Officers Howard and Branham saw her at the residence when they arrived to execute the search warrant. Both officers testified that she ran out of the apartment when they appeared. She, herself, testified that she was Ronnie Francois's girl friend and later his wife, and that she frequently went to 3923 Duplessis Street to meet Francois.
Her actions and testimony are sufficient to make the State's exhibits relevant. The photographs offered into evidence are relevant to corroborate the officers' testimony concerning the activities observed during their surveillance of 3923 Duplessis Street. The narcotics and narcotics paraphernalia, search warrant, and the application for the search warrant were all relevant to the prosecution of the case against defendant Junegain.
Ronnie Francois makes the same objection, contending that he did not reside at 3923 Duplessis. Francois, however, was at the address when the officers executed the search warrant. He ran upstairs to a bedroom in which the narcotics and the narcotics paraphernalia were found. There was some evidence that the room where he was found was his bedroom.
He also contends that because he was not in any of the photographs offered in evidence, the photographs were not relevant. We disagree. The photographs accurately depict activities witnessed by police officers at the apartment where the defendants were seen and the narcotics were found. Although defendant Francois was not photographed, the photographs are relevant to show the activities which took place and to corroborate the testimony of the police officers.
Hall objects to the introduction of State's Exhibits 8 and 9, which are photographs depicting what the testifying officers believed to be a narcotics transaction. Although the unknown black male in the photographs is not a defendant in this case, the photographs are nonetheless relevant. They corroborate the testimony of the State's witnesses concerning narcotics transactions at that location.
LSA-R.S. 15:435 provides:
"The evidence must be relevant to the material issue."
Applying this statute in State v. Moore, La., 278 So.2d 781 (1973), we stated:
"The impact of this bland little sentence is easily overlooked. Its English counterpart is: `. . . nothing may be given in evidence which does not directly tend to the proof or disproof of the matter in issue.' (Emphasis added.) Archbold, Pleading, Evidence & Practice in Criminal Cases, 34th Ed., §§ 1015, 1016. Correctly interpreted, R.S. 15:435 means that, in a criminal case, no evidence shall be admitted that is not relevant to (tending to prove or disprove) the matter in issue."
On the question of relevancy of evidence, much discretion is vested in the trial judge. State v. Pierre, 261 La. 42, 259 So.2d 6 (1972). A ruling of the trial judge as to relevancy should not be disturbed in the absence of clear showing of abuse of discretion. State v. Davis, 259 La. 35, 249 So.2d 193 (1971). We conclude that there was no abuse of discretion here.
The assignment of error is, therefore, without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendants assign as error the trial court's sustaining of a hearsay objection. An investigator for the Orleans Parish Indigent Defendant Program was testifying concerning information which defendant Hall furnished to him. Anticipating hearsay testimony, the State objected. Defense counsel asked the witness to read the address given by Hall from the investigative *441 report. The objection was reurged, and the court sustained the objection.
Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. State v. Varnado, La., 310 So.2d 111 (1975); State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971); Pugh, Louisiana Evidence Law, pp. 388-389 (1974). As a general rule, hearsay is inadmissible as evidence. LSA-R.S. 15:434.
The portion of the report sought to be introduced was nothing more than an out-of-court statement by the defendant Hall, who did not testify, offered to prove his place of residence. Hence, it was hearsay.
Defendants argue, however, that since it was part of an investigative report in the office of Orleans Parish Indigent Defender Program, it was a business record admissible under an exception of the hearsay rule. We think not.
This Court has recognized the admissibility in evidence of a regular entry made in the course of business under narrowly defined circumstances. See State v. Graves, 259 La. 526, 250 So.2d 727 (1971). Assuming arguendo that the document otherwise qualifies, we note that the entrant, the investigator, was available to testify. See Builliard v. New Orleans Terminal Co., 185 La. 924, 171 So. 78 (1936); Pugh, Louisiana Evidence Law, pp. 482-483 (1974); McCormick on Evidence (2nd Ed.) § 311, p. 728 (1972). Moreover, the testimony does not reflect that the entrant had first-hand knowledge of the place of residence. If so, he could have testified as to the place of residence himself. See Mc-Cormick, supra, § 310, p. 725. For these reasons alone, the investigative report does not qualify as an admissible business record.
We conclude that these assignments of error are without merit.
For the reasons assigned, the convictions and sentences and affirmed.