327 So.2d 408 (1975)
STATE of Louisiana
v.
Melvin McCRAY.
No. 56735.
Supreme Court of Louisiana.
December 8, 1975.
Concurring Opinion January 2, 1976.
*409 Louis A. Heyd, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Melvin McCray, with pandering in violation of LSA-R.S. 14:84. After trial, the jury returned a verdict of guilty as charged, and the judge subsequently sentenced the defendant to five years imprisonment at hard labor. On appeal to this Court, he relies upon nine assignments of errors for a reversal of his conviction and sentence.
We find reversible error in none of them, and, accordingly, we affirm the conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Assignment of Error No. 1 is a complaint about testimony of Yvonne Bailey, the prostitute whose earnings are involved in the instant case, to the effect that she was frightened while working for the accused and that he frequently threatened her with bodily harm to herself and her family. Defendant also complains of the prosecutor's statement to Miss Bailey asking her to speak loudly in spite of her fear. Assignment of Error No. 2 concerns the *410 exhibition of and testimony by Miss Bailey about a "pimp stick" with which she claimed the accused beat her.
Defense counsel did not object to the prosecutor's remark referring to Miss Bailey's fear. He did make two objections to Miss Bailey's testimony about being threatened, but he failed to state any grounds therefor; in any event, these two objections were sustained and the testimony stricken. He made no objections to the remainder of her testimony on this issue or to her testimony about having been beaten with the "pimp stick" and her description of it. Defense counsel only objected much later when the State attempted to introduce the "pimp stick" into evidence.
Because defense counsel failed to timely object to the testimony about which he now complains, and to state grounds for the few objections he did make (which were sustained), we cannot consider these alleged errors on appeal under Article 841 of the Louisiana Code of Criminal Procedure. See, e. g., State v. Varice, La., 292 So.2d 703 (1974); State v. Curry, 262 La. 616, 264 So.2d 583 (1972).

ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court committed reversible error in refusing to allow the defense attorney to crossexamine the prostitute, Miss Bailey, about charges pending against her and whether or not she had been brought to trial on those charges.
We hold that under Article 841 of the Louisiana Code of Criminal Procedure, the defense failed to preserve this alleged error for appellate review because he failed to object to the judge's ruling sustaining the State's objections to his questions. We infer from this failure to object that the defense acquiesced in the trial judge's ruling. We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 4
Appellant argues that the trial court erred in not sustaining his objection to the introduction of photographs of Miss Bailey and three other girls who worked for the accused on the grounds that they were irrelevant. In brief to this Court, he also argues that they were introduced without a proper foundation and without prior notice to the defendant of the State's intention to introduce evidence of other crimes of a like nature as is required under State v. Prieur, La., 277 So.2d 126 (1973).
No objection was made to the photographs when they were shown to Miss Bailey and described by her before the jury. Throughout the course of her testimony, both before and after her identification of the girls in the photographs, she testified concerning the activities of the other girls who worked as prostitutes for the accused, who were depicted with her in the photographs, and the defense objected to none of this testimony.
Under these circumstances, we hold that the defendant's objection, coming as it did after all of this evidence had been presented to the jury, was untimely and cannot be considered by this Court on appeal. LSA-C.Cr.P. Art. 841. Nor is the argument advanced by the defense based on alleged non-compliance with the holding in State v. Prieur, supra, properly before this Court, since it was raised for the first time on appeal and was thus not timely presented to the trial judge for his consideration. See, e. g., State v. Sonnier, La., 317 So.2d 190 (1975).

ASSIGNMENT OF ERROR NO. 5
Appellant contends that the trial court erred in permitting Miss Bailey and Detective Gustave Thomas to testify before the jury about the role allegedly played by the trial judge in the initiation of the investigation which resulted in the accused being charged and brought to trial. Citing Article *411 772 of the Louisiana Code of Criminal Procedure, the defendant argues that this testimony indicated that the presiding judge approved of and believed Miss Bailey's testimony, and the defendant was prejudiced by that inference being drawn before the jury.
The pertinent events commenced on July 18, 1974, when Miss Bailey was arraigned. She called her parents in New York and told them about the circumstances of her work as a prostitute for the accused and her fear for their safety and her own. Apparently, her mother telephoned the trial judge, seeking his help, and told him that her daughter was afraid for her life and needed someone to whom she could safely talk. The judge brought her into his chambers and assured her that she was safe and that if she wanted to bring charges against McCray, she could do so. After the judge heard her statement, he called Gustave Thomas, an investigator from the district attorney's office, to his chambers and told him that Miss Bailey was seeking protection. Detective Thomas took her into protective custody, and she subsequently brought charges against McCray. The following day, the judge granted her request to fly home to New York, at her parents' expense, until the trial.
The defense made only two objections to any of this testimony, and these were based solely on the ground that portions of the testimony were hearsay. The second objection was sustained. We note also that the defense attorney actually elicited much of the testimony about which he now complains in his own cross-examination of Detective Thomas. Thus, under Article 841 of the Louisiana Code of Criminal Procedure, the contentions now made cannot prevail upon appeal.

ASSIGNMENT OF ERROR NO. 6
Defendant here complains of the trial judge's ruling qualifying Officer Paul Melancon of the New Orleans Police Department Vice Squad as an expert in the area of pandering and allowing him to testify about the investigation, identification, and modus operandi of panderers. Defendant asserts that pandering is not a subject about which expert testimony is needed, that the testimony was irrelevant and immaterial, and that it was highly prejudicial. He especially complains about the officer's description of a prototype panderer's use of heroin when there was no evidence in the record that the defendant had been involved with narcotics activities.
The only reference to narcotics activities of panderers by Officer Melancon was as follows:
" . . . He sees her and takes this opportunity to move in and take advantage of this type of female and bring her to his place and promises her food and clothing or a new car or heroine [sic] and persuades her and lets her think he is a big time spender from the East." (Tr. p. 90).
Because defense counsel failed to object to this remark, it is not properly before us on appeal. See LSA-C.Cr.P. Art. 841 and cases cited supra.
Neither do we find reversible error in defendant's other argument. Officer Melancon testified that he had been assigned to the Vice Squad for approximately six years. He had participated in "a couple of hundred" cases dealing primarily with panderers and had been qualified as an expert on the subject before several sections in Orleans Parish Criminal District Court and in one section of Federal District Court. He successfully completed a course in vice at the police academy in St. Petersburg, Florida, and is currently an instructor on that subject in New Orleans. This record was certainly sufficient for the court to find him qualified as an expert witness.
It was the State's position at trial, and is the State's position on appeal, that Officer *412 Melancon's testimony was highly relevant in establishing the modus operandi of panderers, which is similar throughout the country. The trial judge accepted this argument in his ruling, stating:
" . . . His testimony will or should not convict the defendant. As I pointed out the court will charge the jury. The man may enlight[en] them as to the [mode] and operations of certain people in certain trades or fields. . . ." (Tr. p. 88).
In his per curiam, the judge further stated:
"The testimony demonstrates nothing more than the opinion of a qualified expert and his testimony demonstrated the expertise. The jury determines the weight or effect to give."
We find no error in this ruling. Hence, the assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant alleges that the trial court erred in allowing the State to exhibit three guns to the jury. The guns were presented to Miss Bailey during her testimony for identification purposes. She identified the guns, described them, and stated that they were kept in the house by the accused "all of the time." She also testified that she had watched him beat a girl with one of the guns and threaten to shoot her with it. The defense did not object to this testimony. The failure to object constitutes a waiver of the alleged error under Article 841 of the Louisiana Code of Criminal Procedure.

ASSIGNMENT OF ERROR NO. 8
Appellant contends that the trial court erred by "not acting ex proprio motu to bar extremely prejudicial hearsay and irrelevant testimony from being presented to the jury." He also contends that the trial court did not properly admonish the jury to disregard irrelevant evidence, testimony, and exhibits. Citing LSA-R.S. 15:275, the defendant contends that the trial judge abused the discretion vested in him to stop the prolonged, unnecessary, and irrelevant examination of witnesses, though no objection was made.
LSA-R.S. 15:275 provides:
"In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel."
This statute grants the judge the authority to require that a criminal proceeding be conducted in an orderly and expeditious manner. See also LSA-C.Cr.P. Art. 17.
This complaint sets forth no reviewable error. LSA-C.Cr.P. Art. 841.

ASSIGNMENT OF ERROR NO. 9
Finally, defendant argues that the trial court committed reversible error in denying his motion for a new trial based on the ground that the verdict was contrary to the law and the evidence and that the jury was prejudiced by the allegedly inflammatory exhibits and the testimony of the expert witness.
It is well established that the refusal of a trial judge to grant a motion for a new trial based on an allegation that the verdict was contrary to the law and the evidence presents nothing for this Court's review. See, e. g., State v. Lisenby, La., 306 So.2d 692 (1975). A motion for a new trial based on an allegedly prejudicial error must be granted only when "[t]he court's ruling on a written motion, or on an objection made during the proceedings, shows prejudicial error." LSA-C.Cr.P. Art. 851. As heretofore noted, the defense did not object contemporaneously to the allegedly *413 inflammatory evidence of which he now complains. See State v. Hoover, 257 La. 877, 244 So.2d 818 (1971).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice (concurring).
Defendant McCray complains in Assignment of Error No. 2 of the exhibition of and testimony about a "pimp stick" with which the accused allegedly beat a witness. The majority refuses to consider this assignment because it feels that defense counsel did not timely object to the exhibition of the object and the testimony about it. The majority states that "defense counsel objected [only] much later when the State attempted to introduce the `pimp stick' into evidence." Defense counsel, however, did make timely objection to the exhibition of the "pimp stick" the very first time it was shown to the jury.[1] Since the record reflects timely objection by defense counsel of the exhibition of the object in question, I feel that the Court should have examined the merits of this argument.
When I examine the merits of the assignment, however, I find no error in the judge's ruling to allow the object to be exhibited to the witness and to be questioned about its use. The witness was explaining the circumstances surrounding her involvement in defendant's commission of the crime of pandering. The threats and beating of her by the defendant and her fear of further cruelty were one continuous transaction with the offense with which defendant was charged, and were therefore admissible as part of the res gestae. R.S. 15:448; State v. Jefferson, 284 So.2d 882 (La.1973). Admission of this evidence, therefore, was not error.
Defendant McCray complains in Assignment of Error No. 6 of the qualification of a police officer as an expert in the area of police investigation into the operation of panderers. I have serious doubts about the correctness of allowing the judge's ruling to stand. An expert can be qualified only "[o]n questions involving a knowledge obtained only by means of a special training or experience." R.S. 15:464. The subject matter must be "so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layman." McCormick, Law of Evidence § 13, at 28 (Hornbook Ed. 1954). Although I am not prepared at this time to insist that the judge's qualification of an expert in the field of police investigation into pandering was reversible error, I do have reservations about that ruling. Therefore, I respectfully concur.
NOTES
[1] "Q. I asked you previously what a pimp stick is?

A. Yes.
Q. I show you what has been marked as state's exhibit number 2. Would you take a look at that?
BY DEFENSE COUNSEL: Your Honor, I would first state my objection to the attempt to offer that piece of wire in evidence for the reasons we have had discussions in chambers that that should not be in the courtroom. There is no warant [sic] for it being in here as for (sic) as I am concerned. I Object to that being in evidence."