344 So.2d 990 (1977)
STATE of Louisiana
v.
Charles Ray WALKER and Gary Dean Walker.
No. 58723.
Supreme Court of Louisiana.
April 11, 1977.
*992 Steven N. Cowel, Shreveport, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Charles Ray Walker and Gary Dean Walker by separate bills of information with attempted murder of Leslie N. Furguson, a violation of LSA-R.S. 14:27. After a consolidated trial, the jury found each defendant guilty. The court sentenced Charles Ray Walker and Gary Dean Walker to serve twelve years at hard labor.
On defendants' application, we granted an out-of-time appeal. State ex rel. Walker v. Henderson, La., 320 So.2d 903 (1975). In this out-of-time appeal, defendants raise numerous assignments of error.[1]
The facts surrounding defendants' arrests are:
Defendants and two other accomplices removed a glass plate from Pope's Cleaners and Men's Store in Bossier City during the early morning hours of December 28, 1972, and effected an illegal entry. A silent alarm sounded which caused Leslie N. Furguson, an employee of a night patrol service, to respond by proceeding to the scene. As Furguson drove his vehicle into the parking lot at the burglarized establishment, he observed two black males standing on the sidewalk next to the building. One of the men, later identified in court as Gary Dean Walker, fired a small caliber pistol at *993 Furguson four times. The other man fired a large caliber pistol at him. However, Furguson could not identify his assailant as Charles Ray Walker. After firing at Furguson, both men fled. When the police arrived, they found an accomplice still in the building. Defendants were subsequently apprehended.

ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, defendants complain that the trial court erred in denying them a preliminary examination.
In State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), we stated that the right to a preliminary examination is designed primarily to determine whether probable cause exists to charge the accused.
Defendants alleged in their motion for a preliminary examination, that they are innocent and that there is no proof against them. Defendants have been tried and found guilty by a jury. We have consistently held that after a defendant has been tried and convicted by a jury, the question of probable cause is moot. State v. Luckett, La., 327 So.2d 365 (1976); State v. Monk, La., 315 So.2d 727 (1975); State v. Richardson, 258 La. 62, 245 So.2d 357 (1971).
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, defendants complain of the denial of the following information requested in the motion for a bill of particulars:
"What weapon, if any, is alleged to have been used by the defendant or his co-defendants?
"Who is alleged to have used said weapon?
"Exactly how defendant is alleged to have committed the alleged crime."
In State v. Nance, La., 315 So.2d 695 (1975), we held that a defendant does not have a right to be informed of "the type of dangerous weapon used" in a bill of particulars.
The purpose of the bill of particulars is to more fully inform the defendant of the nature and cause of the charge against him with sufficient information before trial to properly prepare his defense. LSA-C.Cr.P. Art. 484.
However, a bill of particulars may not be used to discover the details of the evidence with which the State expects to prove its case. State v. Hunter, La., 340 So.2d 226 (1976); State v. Redfud, La., 325 So.2d 595 (1976); State v. Monk, La., 315 So.2d 727 (1975); State v. Kado, La., 300 So.2d 461 (1974).
Explaining "exactly how" defendant or defendants are alleged to have committed the crime and who is alleged to have used the weapon is providing evidentiary details to which defendants are clearly not entitled.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
In Assignment of Error No. 3, defendant Charles Ray Walker argues that the trial court erred in refusing police and arrest records pertaining to him during his custody in the Bossier City Police Department. He contends that police and arrest records are public records and thus he is entitled to them.
In State v. Square, 257 La. 743, 244 So.2d 200 (1971), we denied the same information, noting the well established rule limiting pretrial discovery. Defendant's reliance upon the Public Records Act, LSA-R.S. 44:1 et seq., is misplaced. LSA-R.S. 44:3 permits any sheriff or district attorney, police officer, investigating officer, or investigating agency of the State to withhold from disclosure any evidence in their possession until after the records have been used in court or the criminal charge has been disposed of. The trial court correctly denied defendants' request for the arrest and police records.
Assignment of Error No. 3 is without merit.

*994 ASSIGNMENT OF ERROR NO. 4
In Assignment of Error No. 4, defendant Charles Ray Walker contends that the trial court erred in denying his motion for the appointment of an investigator to assist in his defense.
We have held that, absent a clear showing of special circumstances, a motion to appoint an investigator is correctly denied. State v. Jackson, La., 324 So.2d 398 (1975); State v. Cummings, La., 324 So.2d 401 (1975). In the instant case, defendant made no showing warranting the appointment.
Assignment of Error No. 4 is without merit.

ASSIGNMENTS OF ERRORS NOS. 6 AND 7
In Assignment of Error No. 6, defendants complain that the trial court erred in allowing the introduction of two oral inculpatory statements of a co-perpetrator without the State's having given the requisite "768 notice." LSA-C.Cr.P. Art. 768. In Assignment of Error No. 7, defendants complain that the trial court erred in refusing to grant their continuance request when they learned of the introduction of the oral inculpatory statement.
Prior to trial, the State gave notice of its intention to use written, as well as oral inculpatory statements. Defendants complain that they were surprised and requested a continuance because they were led to believe by the State that only written statements, copies of which they had received, existed because of comments made by the State at a hearing on a motion to produce evidence.
The trial court ruled that because defendants were given the requisite notice prior to trial that the State intended to use the oral and inculpatory statements, the codal requirement of "Article 768 notice" was met. In addition, after listening to the tape recording of the alleged misleading statements made by the State at the hearing on the motion to produce, the court concluded that the State made it clear that oral statements did exist and that the State could not produce them because they were not reduced to writing.
We agree with the lower court's conclusion that the defendants were informed of the existence of oral statements by the following statement:
"As far as the motion to examine statements of co-defendants, the state will state that we do have statements given by two co-defendants which have been recorded and reduced to writing and those statements we'd be happy to furnish the defense counsel. We can not furnish him statements, verbal statements because of the fact that we have no recording or anything of the verbal statements, but we can produce to him and give him copies of the transcriptions of statements taken by the co-defendant and if he desires it, of course, he's welcome to listen to the records themselves." (Tr. p. 11.)
Additionally, it appears that the oral inculpatory statements were not introduced into evidence. Defendants' contention that the substance of the statements was used is not substantiated by the record. However, even if we assumed that the oral inculpatory statements were admitted into evidence, the requisite 768 notice was given and thus the court properly admitted them into evidence.
Moreover, defendants' surprise allegation is insufficient to warrant the granting of a continuance. The granting of a continuance is within the sound discretion of the trial judge, and absent a showing of an abuse of discretion, that ruling will not be disturbed on appeal. State v. Weathers, La., 304 So.2d 662 (1974); State v. Richardson, supra.
Regardless, because defendant's motion or request for a continuance was not in writing and there is no provision in the law for an oral motion for continuance, a ruling on an oral motion presents nothing for review. State v. Tennant, 262 La. 941, 265 So.2d 230 (1972).
Assignments of Error Nos. 6 and 7 are without merit.

*995 ASSIGNMENT OF ERROR NO. 8
In Assignment of Error No. 8, defendants complain that the trial court erred in admitting a gun into evidence over an objection.
Because the gun was previously admitted into evidence without defendants' objection, we cannot consider defendants' later objection to the evidence on appeal. LSA-C. Cr.P. Art. 841. State v. McCray, La., 327 So.2d 408 (1975); See also State v. Varice, La., 292 So.2d 703 (1974).
Assignment of Error No. 8 is without merit.

ASSIGNMENTS OF ERROR NOS. 9, 10, 11, 12, AND 13
In Assignments of Error Nos. 9, 10, and 11, defendants complain that the trial court erred in allowing the State to exceed the scope of permissible examination in questioning defendants concerning prior felony convictions. Defendants argue that their prior felony convictions were irrelevant to the voluntariness of their inculpatory statements and also that that issue was not within the proper scope of examination.
In Assignments of Error Nos. 12 and 13, defendants complain that the trial court erroneously allowed questioning of Gary Dean Walker and his mother concerning the guilt or innocence of defendants. Defendants argue that such evidence was not relevant to a determination of the admissibility of defendants' oral inculpatory statements.
Each objection was made to questions asked outside the presence of the jury. Moreover, all of the evidence adduced was offered to determine the voluntariness of the inculpatory statements. The trial judge ruled that the statements were inadmissible. The trial judge did not allow any of the evidence to be heard by the jury.
We conclude that these assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 15 AND 16
In Assignments of Error Nos. 15 and 16, defendant Charles Ray Walker complains that the trial court erred in allowing State's witness Jerry Fields, an accomplice, to testify to statements made by Charles Ray Walker concerning his escape route. Defendant objected to the testimony, arguing that it was inadmissible because irrelevant and hearsay.
LSA-R.S. 15:434 provides:
"Hearsay evidence is inadmissible, except as otherwise provided in this Code."
Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. State v. Junegain, La., 324 So.2d 438 (1975); State v. Varnado, La., 310 So.2d 111 (1975); State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971); Pugh, Louisiana Evidence Law, pp. 388-389 (1974). As a general rule, hearsay is inadmissible as evidence. LSA-R.S. 15:434.
However, hearsay testimony relating to a confession or an admission is admissible under a widely recognized exception to the hearsay rule. LSA-R.S. 15:449 et seq.; State v. Brown, La., 319 So.2d 409 (1975); State v. Butler, La., 302 So.2d 585 (1974); McCormick on Evidence, §§ 144, 145 (Cleary Ed. 1972).
LSA-R.S. 15:435 provides:
"The evidence must be relevant to the material issue."
We find that the trial court properly admitted the evidence as it was an admission and thus an exception to the general hearsay prohibition and relevant.
Assignments of Error Nos. 15 and 16 are without merit.

ASSIGNMENT OF ERROR NO. 17
In Assignment of Error No. 17, defendant argues that the trial court erred in overruling his objection to the relevancy of the following question asked of Robert Hall, an accomplice of defendants:
"Q. * * * [D]id you obtain it from any particular place or any particular person?"
Applying LSA-R.S. 15:435, quoted in Assignments of Error Nos. 15 and 16, in State v. Moore, La., 278 So.2d 781 (1972), we stated:

*996 "The impact of this bland little sentence is easily overlooked. Its English counterpart is: `* * * nothing may be given in evidence which does not directly tend to the proof or disproof of the matter in issue.' (Emphasis added). Archbold, Pleading, Evidence & Practice in Criminal Cases, 34th Ed. §§ 1015, 1016. Correctly interpreted, R.S. 15:435 means that, in a criminal case, no evidence shall be admitted that is not relevant to (tending to prove or disprove) the matters in issue."
On the question of relevancy of evidence, much discretion is vested in the trial judge. State v. Pierre, 261 La. 42, 259 So.2d 6 (1972). A ruling of the trial judge as to relevancy should not be disturbed in the absence of a clear showing of abuse of discretion. State v. Junegain, supra; State v. Davis, 259 La. 35, 249 So.2d 193 (1971). We conclude that there was no abuse of discretion here.
Even assuming that the evidence was not relevant, the trial court's ruling was harmless error. LSA-C.Cr.P. Art. 921.
Assignment of Error No. 17 is without merit.

ASSIGNMENTS OF ERROR NOS. 18 AND 19
In Assignments of Error Nos. 18 and 19, defendants complain of the trial court's error in allowing State's witness Robert Hall, an accomplice to testify to comments by Charles Ray Walker to Hall about going to the bus station.
These two assignments of error are without merit for the same reasons stated in Assignments of Error Nos. 15 and 16.

ASSIGNMENT OF ERROR NO. 20
In Assignment of Error No. 20, defendants complain that the trial court erred in allowing the State to read the law concerning aggravated burglary to the jury over their timely objection. Defendants argue that the State's argument exceeded the scope of argument set forth in Article 774 of the Code of Criminal Procedure.
During the trial, the defense raised the issue of aggravated burglary by implying that since the two co-perpetrators were originally charged with aggravated burglary, but pled to a simple burglary charge, there was a favor given the men by the charge reduction. The response of the State was that the crime of aggravated burglary was improper because no one was inside the business at the time of the burglary.
The trial court, therefore, properly allowed the State to present the jury with the information concerning an aggravated burglary. The State obviously was attempting to clarify evidence elicited by defense. Considering the context in which the statute was argued to the jury, it was within the proper scope of argument.
Assignment of Error No. 20 is, therefore, without merit.

ASSIGNMENT OF ERROR NO. 21
Both defendants filed motions for a new trial. In his motion, Gary Dean Walker complained of the inconsistent testimony of the State's witnesses. Charles Ray Walker alleged that the verdict was contrary to the law and the evidence. The motions raise only a question of the sufficiency of the evidence. We have consistently held that such motions present nothing for appellate review absent a total lack of evidence to prove the crime of an essential element. State v. Perkins, La., 343 So.2d 730 (1977); State v. Cade, 244 La. 534, 153 So.2d 382 (1963); State v. Williams, La., 310 So.2d 513 (1975).
After a review of the record of this case, we cannot say that there is a total lack of evidence to support the convictions.
In their brief, defendants also argue prejudicial remarks by the District Attorney in his closing argument to the jury. The motions for a new trial made no allegation of this nature. Hence, this question is not before us.
Assignment of Error No. 21 is without merit.
*997 For the reasons assigned, the convictions and sentences are affirmed.
DIXON, J., concurs, disagreeing at the treatment of assignment No. 3.
NOTES
[1] Assignments of error neither briefed nor argued are considered abandoned. Therefore, as defendants neither briefed nor argued Assignments of Error Nos. 5 and 14, they are considered abandoned.