298 So.2d 742 (1974)
STATE of Louisiana
v.
Iley DOTCH.
No. 54473.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied August 30, 1974.
*743 John Schwab, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Iley Dotch and Roosevelt Kaufman were charged with murder. R.S. 14:30. The defendants were jointly tried, convicted and sentenced to death. On appeal, this court reversed those convictions and sentences *744 and remanded the proceedings to the district court for a new trial. 278 So.2d 86 (1973). On remand, the district attorney acquiesced in defendant's motion and severed the indictment. Defendant-appellant, Iley Dotch, was found guilty by a jury of the murder of Jessie Guthrie, a Baton Rouge service station attendant whose body was found near a diversion canal in Scotlandville, East Baton Rouge Parish. Dotch was sentenced to life imprisonment, and fourteen bills of exceptions were perfected. On appeal only ten are briefed; the others are considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exceptions No. 1
In his motion to quash defendant complained that women were systematically excluded from the grand jury venire and petit jury venire. This court has repeatedly upheld the constitutionality of Article 7, § 41 of the Louisiana Constitution and Article 402 of the Code of Criminal Procedure, exempting women from jury service unless they have previously filed written consent to such service. State v. Gray, 291 So.2d 390 (La.1974); State v. Brown, 288 So.2d 339 (La.1974). This article of the Louisiana Constitution and the related statute were declared unconstitutional in Healy v. Edwards, 363 F.Supp. 1110 (E.D.La. 1973). We are aware that the United States Supreme Court has noted probable jurisdiction in this federal case. 911 U.S. 415, 94 S.Ct. 1405, 39 L.Ed.2d 465. However, a majority of this court is of the opinion that Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), expressed the better view, and does not anticipate its reversal by the United States Supreme Court.
Bill of Exceptions No. 3
Defendant reserved this bill of exceptions during the State's opening statement. Article 766 C.Cr.P. provides:
"The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge." (Emphasis added).
The district attorney explained the law regarding criminal conspiracy. R.S. 14:26; 15:455. The defendant had not been charged with this offense and complains that these remarks caused the jury to focus on his association with others who may have been involved in the crime.
The defendant was on trial for the crime of murder, and an explanation of the law regarding conspiracy might have been irrelevant. It is significant that there was no instruction by the judge as to the law of conspiracy, and we cannot conclude that the reference to conspiracy had the prejudicial effect contended by appellant. The bill does not warrant reversal.
Bill of Exceptions No. 4
This bill of exceptions was reserved by defense counsel at the close of the State's opening statement when the trial court denied a motion for dismissal based on the State's failure to place Dotch at the scene of the crime. Article 766 C. Cr.P. merely requires that the opening statement set forth in general terms the nature of the evidence by which the district attorney expects to prove the charge. The State told of the possession of the murder weapon by Dotch and his companions just hours prior to the commission of the crime. The district attorney contended that he could prove that Dotch and Kaufman were in possession of certain property taken from the service station where the victim was last seen, alive and well, approximately one hour before the crime. He further alleged that the murder weapon was taken from the house of defendant's sister to be hidden in the country just hours after the commission of the crime a review of the opening statement reveals *745 that the State did in fact outline its case, and the defendant was adequately informed of the nature of the case against him.
Bill of Exceptions No. 5
Defendant objects to the district attorney's erroneous reference, during his opening statement, to the new second degree murder statute when the defendant was being prosecuted under the old murder statute. R.S. 14:30. The State's explanation of the charge against the defendant conformed in substance with the statute under which he was actually being tried. Additionally, the court properly instructed the jury with reference to the crime charged and the penalty to be applied prior to the jury's retirement for deliberation. This bill is without merit.
Bills of Exceptions Nos. 6, 7, 10 and 11
These bills were taken when the testimony of four State's witnesses was supplied by transcript from the previous trial of the defendant. Subpoenas issued to two of the witnesses were returned with the notation "unable to locate." One of the subpoenas was served on a person who had the same name as a witness in a previous trial and who appeared to testify, but was determined to be the wrong party. The fourth witness, Delores Williams, took the Fifth Amendment and was thus rendered "unavailable to testify." Article 295 C.Cr.P. provides in pertinent part:
"The transcript of the testimony of any other witness who testified at the preliminary examination is admissible for any purpose in any subsequent proceeding in the case, on behalf of either party, if the court finds that the witness is dead, too ill to testify, absent from the state, or cannot be found, and that the absence of the witness was not procured by the party offering the testimony."
The testimony of the two witnesses who could not be found was certainly admissible under the statute. The district attorney made a diligent effort to secure the presence of each missing witness.
We hold that the witness who took the Fifth Amendment was also "unavailable to testify." The use at trial of the recorded testimony of an available witness denies the Sixth Amendment right of confrontation. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). In Barber v. Page, supra, the transcript of preliminary hearing testimony was held inadmissible at trial despite the availability of crossexamination at the earlier hearing, when the government had not made a good faith effort to produce the witness at trial. See generally, Davenport, The Confrontation Clause and the Co-Conspirator Exception in Criminal Prosecutions: A Functional Analysis, 85 Harv.L.Rev. 1385 (1972). In the instant case the right to crossexamination was exercised at an earlier trial, and defendant's right of confrontation was not violated.
Bill of Exceptions No. 9
The following exchange prompted defendant's motion for a mistrial:
"BY MR. ROY:
"Q State your full name.
"A Delores Williams.
"Q Do you know Roosevelt Kaufman?
"A I refuse to testify. I stand on the 5th Amendment. I refuse to testify in this trial on the ground that it might incriminate me.
"Q You pleaded guilty and serving time for accessory after the fact in this murder.
"A I pleaded guilty for looking at TV and reading the paper. I never pleaded *746 guilty for accessory after the fact of murder."
The motion for mistrial was denied. Defendant contends that the questions propounded by the State attempted to establish guilt by association and was highly prejudicial, because Delores Williams was shown to have been closely associated with defendant at times surrounding the commission of the offense, and pleaded guilty as an accessory to the offense with which defendant was charged.
There is no merit to the bill. The question served a legitimate purpose. The witness was claiming the Fifth Amendment protection, and the State was attempting to demonstrate that there was no danger of self-incrimination because the witness was, at that moment, serving a sentence for the offense about which she was being questioned. The collateral effect of such evidence was not so unfairly prejudicial as to require its exclusion.
Bill of Exceptions No. 13
This bill was reserved when the trial court admitted into evidence pictures of the victim in this case floating in a body of water. Defendant alleges that the photograph was irrelevant and highly inflammatory. The State contends that the pictures were offered for the purpose of showing the location of the scene where the body was found, and to show the source of mud connecting defendant with the offense. The contention is without merit. The pictures are neither inflammatory nor gruesome.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs. I am of the opinion that female exclusion from juries is unconstitutional.