302 So.2d 585 (1974)
STATE of Louisiana
v.
Johnnie Lee BUTLER.
No. 54924.
Supreme Court of Louisiana.
October 28, 1974.
*586 Stephen J. Katz, Kidd & Katz, Monroe for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Charles A. Traylor, II, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant was convicted after a trial by jury of aggravated battery, a violation of La. R.S. 14:34, and was sentenced to five years' imprisonment at hard labor. Upon this appeal, defendant relies on seven bills of exceptions for a reversal of his conviction and sentence.

*587 BILLS OF EXCEPTIONS NOS. 1 and 2
These bills of exceptions were reserved when the trial court overruled motions to quash the indictment based on the alleged exclusion of "members of various classes" and the exclusion of women from the jury venire. Although a hearing was held on defendant's motions wherein defendant inquired about the race, economic status, and age of various members of the jury venire, defendant fails to define what "classes" allegedly have been excluded. His only definite assertion is that Blacks were excluded in addition to other undefined classes. In brief the defendant argues that only four of the sixteen persons of the grand jury venire who testified at the hearing on the motion to quash were Black and only one of the twelve persons of the petit venire who testified was Black. Testimony adduced with regard to the exclusion of women revealed that there were five women in the general venire from which the Grand Jury was selected, no women on the Grand Jury, and no women included in the general venire or petit jury venire from which defendant's petit jury was selected.
Defendant has failed to establish systematic exclusion of any group from the various jury venires concerned with his case; he has not proven disproportionate representation of Blacks such as would prima facie establish purposeful exclusion of members of his race. After a review of the testimony attached to the bills of exceptions we agree with the conclusion of the trial court in its per curiam that defendant did not establish purposeful exclusion of veniremen or any purposeful or prima facie discrimination. See State v. Baggett, 292 So.2d 201 (La. 1974) and State v. Leichman, 286 So.2d 649 (La. 1973).
We likewise conclude that defendant's complaints regarding the exclusion of women from jury service are without merit. This Court has repeatedly held that exclusion of women from jury service pursuant to Louisiana Constitution Article VII, § 41, and La. Code of Criminal Procedure Article 402 does not violate a defendant's constitutional rights. See State v. Dotch, 298 So.2d 742 (La. 1974).[*]
These bills of exceptions are without merit.

BILL OF EXCEPTIONS NO. 3
The defendant reserved this bill of exceptions when the trial court denied his motion to quash based upon an allegation that the State failed to commence trial within the time limit set forth in La. C.Cr.P. Art. 578. That article prohibits commencement of trial in an aggravated battery case, i.e., a non-capital felony, after two years from the date of the institution of the prosecution.
Prosecution in this case was instituted by grand jury indictment returned on October 21, 1971 and not, as defendant contends, on the day on which defendant, was first incarcerated. La.C.Cr.P. Art. 934(7). A motion to quash was filed on September 7, 1973; the time limitations on the commencement of trial were thereby suspended and the State given one year from the ruling on the motion (that is, one year from October 4, 1973), in which to commence trial. La.C.Cr.P. Art. 580. Trial was commenced on December 17, 1973, well within the statutory time limits.
This bill of exceptions lacks merit.

BILLS OF EXCEPTIONS NOS. 4 and 5
These bills of exceptions were reserved when the trial court overruled objections to those portions of the State's opening statement and the testimony of State's witnesses which mentioned the eventual death of the victim of the battery. Defendant's *588 objection to testimony regarding an admission of involvement was also overruled.
In its opening statement the State informed the jury that the victim of the battery had been killed on the same night that the battery took place and stated that evidence of that fact would be introduced. Defendant objected to the remarks, contending that this information constituted evidence of other crimes not related to his prosecution and gravely prejudiced him in the eyes of the jury; he maintains the remarks warrant a reversal of his conviction and sentence.
We cannot agree that the district attorney's statements warrant reversal of this defendant's conviction. The record reflects that the defendant attacked his victim after the car in which defendant was riding nearly collided with the victim's stalled car. During the course of the defendant's attack, he struck the victim with a Coca-Cola bottle which broke on impact and cut the defendant's hand. Defendant discontinued his battery of the victim and returned to his car. Immediately thereafter the victim was killed by an oncoming car during continuing altercation with defendant's companion, Ronnie Gray. See State v. Gray, 286 So.2d 644 (La. 1973).
Unquestionably, the State, bearing the burden of proving beyond a reasonable doubt the elements of the crime charged, was entitled to reversal to the jury the reason why the victim would not be present at trial to testify. The State carefully explained that the defendant withdrew from the conflict and that the victim's death resulted from the actions of defendant's companion, Gray, subsequent to the time that defendant returned to his automobile. In its per curiam to the bills of exceptions, the trial court states that the prosecution was not allowed to present inflammatory details of the victim's death nor to dwell on the details of the occurrence. Nothing incorporated in the bills of exceptions refutes this statement by the trial court. We hold that this communication of information establishing the reason for the victim's absence did not prejudice the defendant.
Defendant also complains of the admission into evidence of statements he made on the day following the battery. He contends that the witness' testimony concerning his statements was inadmissible as hearsay. The statements were made to an acquaintance and related that defendant had cut his hand when he hit the victim with a Coca-Cola bottle.
Hearsay testimony relating a confession or an admission is admissible under a widely recognized exception to the hearsay rule. See La.R.S. 15:449 et seq. and McCormick on Evidence, §§ 144, 145 (Cleary Ed. 1972).
These bills of exceptions lack merit.

BILL OF EXCEPTIONS NO. 6
At the close of the State's evidence, the defendant moved for a directed verdict, arguing that the evidence against the defendant was "predicated totally upon hearsay and insufficient to establish a prima facie case against the defendant."
Defendant argues in brief that there was no evidence to show that the defendant struck the victim; however, he has failed to attach all of the State's evidence to the bill of exceptions for our review. We noted above that admissible evidence of defendant's own statement admitting that he had struck the victim with a Coca-Cola bottle was introduced at the trial. This Court can find error in the trial court's denial of a motion for a directed verdict and therefore reverse only when there is no evidence of the crime or an essential element thereof. State v. Douglas, 278 So.2d 485 (La. 1973). We hold that the trial court did not err in denying defendant's motion for a directed verdict.

BILL OF EXCEPTIONS NO. 7
This bill of exceptions was reserved when the trial court sentenced the *589 defendant to five years at hard labor upon his conviction of the crime charged. La.R.S. 14:34 provides for a sentence of up to ten years' imprisonment with or without hard labor. In brief defendant argues that the sentence was based on considerations apart from the crime involved and the usual practice in sentencing upon conviction of aggravated battery in the Fourth Judicial District and, therefore, constitutes a violation of defendant's rights under the Eighth Amendment to the United States Constitution.
There is no showing of any misconduct on the part of the trial judge in imposing the five year sentence. As long as a sentence falls within the statutory limits found in the Louisiana Criminal Code and no misconduct on the part of the sentencing judge is established, this Court can not review the sentence. See State v. Pierson, 296 So.2d 324 (La. 1974), and State v. Polk, 258 La. 738, 247 So.2d 853 (1971).
This bill of exceptions is without merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
NOTES
[*] The writer is nonetheless of the opinion that exclusion of women from jury service is unconstitutional. See State v. Dotch, supra (concurring opinion).