336 So.2d 833 (1976)
STATE of Louisiana
v.
Thomas Earl PEARSON.
No. 57444.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
*834 Emile M. Weber, Weber & Weber, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
On December 14, 1971 an elderly diamond merchant was robbed at gunpoint of a quantity of diamonds in Baton Rouge, Louisiana. Sometime thereafter defendant Thomas Earl Pearson was charged with armed robbery. Allegedly defendant Pearson hired one George Bursavich to commit the crime and thereafter received the proceeds of the robbery. Pearson was tried, convicted, and sentenced to serve twenty-five years at hard labor. He then appealed to this Court. We reversed his conviction and ordered a new trial, finding merit in certain bills of exceptions relating to the use of evidence of another offense by the state. See State v. Pearson, 296 So. 316 (La.1974). Defendant Pearson was thereafter tried anew. He was convicted a second time and sentenced to be confined in the custody of the Department of Corrections for twenty-five years with credit for time served but without benefit of parole, probation or commutation of sentence. On this appeal, defendant relies upon the following assignments of error for reversal of his conviction and sentence:

"ASSIGNMENT OF ERROR #1:
The court erred in allowing the District Attorney to read into evidence the testimony of Bart Bursavich from a previous hearing. The witness was present in court and available for testifying. Upon his refusal to testify, the court ruled that he was unavailable. The court equated refusal with unavailability. There were other remedies the court could have used to obtain the testimony of the witness and in failing to do so the court committed error.

"ASSIGNMENT OF ERROR #2:
The District Attorney, in his closing argument, alluded to the fact that the accused was not present in court and made statements to the effect that his non-presence indicated his guilt."

ASSIGNMENT OF ERROR NO. 1.
At the outset of the trial, following the defendant's waiver of opening statement, the prosecutor had the judge retire the jury. He thereupon called Bursavich, the person whose testimony had largely been responsible for the defendant's conviction at the first trial. He questioned the witness outside of the presence of the jury. Bursavich, while admitting that he had given sworn testimony at the first trial in 1973, insisted that he would not again testify notwithstanding the threat of incarceration for contempt. [He was already serving twenty years in a federal penitentiary]. The trial judge thereupon ruled that the witness was unavailable and that therefore the transcript of his testimony at the first trial would be read to the jury, in lieu of the appearance and testimony of the witness. Defense counsel did not object to the witness' brief testimony outside the presence of the jury, nor to the witness' not having so testified in the presence of the jury. He did, however, object to the introduction of the previous trial testimony by a reading of the transcript of the testimony to the jury. To the court's refusal to sustain his objection and to the court's allowing a reading of the witness' prior testimony, defendant makes his first assignment of error. He alleges that the witness was present in court and available for testifying; *835 that the court mistakenly equated the witness' refusal to testify with unavailability, that there were other remedies the court could have used to obtain the testimony of the witness; that in failing to do so the court committed error.
When the state introduces the transcript of testimony given by a witness at a prior trial, an appellate court must determine whether the introduction of that evidence violated the accused's right to confront the witnesses against him, a right guaranteed by our federal and state constitutions. U.S.Const. amend. VI; La.Const. art. I, § 16 (1974). One reason that this right is so fundamental to our law is that it guarantees that the witnesses who participate in the deprivation of a person's freedom present themselves in person before the jury so that the jurors can observe their demeanor and decide whether they should be believed. California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); State v. Kaufman, 304 So.2d 300 (La.1974); State v. Sam, 283 So.2d 81 (La.1973); McCormick on Evidence, § 252 (Cleary ed. 1972). In addition to other standards which are not at issue here,[1] the testimony of a witness from a previous judicial proceeding against the same defendant in the same case can be admitted in transcript form only when the state has established that the witness himself is "unavailable to testify." Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed. 2d 255 (1968); State v. Moore, 305 So.2d 532 (La.1975); State v. Kaufman, supra.
Although a witness who is "unavailable" is usually physically distant from the trial, there are instances in which a witness who is physically present at the trial has been held to be unavailable to testify. We have upheld a trial judge's determination that a witness who took the fifth amendment was unavailable to testify. State v. Dotch, 298 So.2d 742 (La. 1974). And we have recently held that a witness who refused to testify even after being declared, or held, in contempt, was unavailable.[2]State v. Ghoram, 328 So.2d 91 (La.1976). We find no real distinction between the case under consideration and State v. Ghoram. In Ghoram the witness was actually placed in contempt of court. In the case now before us, placing the witness in contempt would have been a vain act, since the witness was in the custody of federal marshals mandated to return him to federal prison to complete serving a twenty year sentence. Consequently, we find that the trial judge did not err when he ruled that Bart Bursavich was unavailable to testify and when he thereafter admitted into evidence his testimony at defendant's prior trial.

ASSIGNMENT OF ERROR NO. 2.
Defendant here urges that the trial court erred in failing to grant a mistrial or in failing to admonish the jury following an allegedly prejudicial remark made by the prosecutor in closing argument.
The background facts of this argument follow. Defendant's trial began on March 24, 1975 and on that day the jury was chosen and the state began to put on its case. At the end of that day, court was adjourned for the night and the accused was released on his bond. Defendant then mysteriously disappeared and did not reappear during the succeeding three days of his trial. Efforts to locate him proved *836 fruitless. In his absence, the jury convicted him. He reappeared for sentencing some five months later.
The defendant complains to the Court that in his closing argument the prosecutor repeatedly referred to the fact that defendant was not present during most of his trial and that his absence indicated his guilt. Defendant especially focuses on the following comment:
"I want to tell you about another law that says when evidence is under the control of the party, of a person, and that evidence was not produced by that person or that party, the presumption is that it was not produced by that person or that party because it would not have aided or helped that person or that party. Now, he jumps up and down here and screamsI mean, the only thing that belies the sincerity of his argument here is that, you know, his clienthe and his client must not be thinking along the same lines, because his client ain't here, you know, to fortify what he claims. He's not even herepresent his presence is not even here. His very absence belies the legitimacy of the argument of counsel. . . ." (emphasis added)
Defendant's argument that the prosecutor's comment was an indirect reference to the fact that the defendant did not take the stand is not totally without merit. We think it more likely, however, that the jury understood the words to allude to the defendant's failure to attend and remain in court "to fortify" defense counsel's position in closing argument (a position, presumably, that defendant was innocent) rather than to defendant's failure to take the stand. However, we do not find it necessary to decide this issue, because defense counsel did not properly preserve the issue for our review.
After the prosecutor's remark, the defense counsel interrupted to say:
"If Your Honor please, I move for another assignment of error. He's absolutely violating the law when he makes such allegations. I object and ask that the Court rule on it . . . ."
Counsel did not ask for a mistrial, which is the proper remedy in a case where the prosecutor has referred to the defendant's failure to testify. C.Cr.P. art. 770. Nor did he request that the trial judge admonish the jury to disregard the remark. C.Cr.P. art. 771. Nor did he state for the court the grounds of his objection, other than that the prosecutor had violated the law.
Therefore, we do not feel that there is properly before us any ruling or attendant objection relative to the purported prosecution reference to defendant's failure to testify.
Accordingly, we affirm the conviction and sentence.
NOTES
[1] For example, the defendant must have been represented by the earlier hearing; the witness must have testified under oath; must have cross-examined the witness, or waived that right. Kaufman, supra.
[2] The author, who concurred in Ghoram on this point, still has doubt about the position of this Court on this aspect of the confrontation issue. However, the author feels constrained to follow the majority's Ghoram decision, while remaining aware that the federal courts or a majority of this Court may at a later date differ with Ghoram on this issue.