CALOGERO, Justice.
Frank Smith and Marvin Miller were jointly charged by bill of information with the armed robbery of Mrs. Joseph Santopa-dre in violation of R.S. 14:64. Following a trial by jury defendants were found guilty as charged and were sentenced. On appeal defendants rely on seven assignments of error. Finding merit in assignment five we reverse defendants’ convictions and sentences.
ASSIGNMENT OF ERROR NO. 5
In this assignment defendants allege that the trial court erred in admitting into evidence over defendants’ objections a transcript of a witness’ testimony at a prior trial.
During the state’s case it called to the witness stand David Singleton. The purpose of this witness’ testimony was to establish that the witness had loaned to defendant Miller on the day of the armed robbery the car which had been identified as being used in the crime. The witness Singleton opted to take the fifth amendment and refused to testify. Consequently, the state requested that a transcript of the witness’ prior testimony at his own trial for a different and unrelated crime be admitted in lieu thereof as the witness was technically unavailable to testify.[1] The trial judge admitted the transcribed testimony over defendants’ objection.[2]
In State v. Sylvester, 343 So.2d 1020, 1022 (La.1977) this Court made the following observation concerning the introduction of recorded testimony of a witness at a prior hearing:
When the state wishes to introduce the recorded testimony of a witness at a prior hearing, there must be an examination into whether the constitutional safeguards, particularly the right of confrontation, embodied in the federal and state constitution are violated. U.S.Const. Amend. VI; La.Const. art. I, § 16 (1974). As we have stated in State v. Pearson, supra, at 835 “One reason that this right is so fundamental to our law is that it guarantees that the witnesses who participate in the deprivation of a person’s freedom present themselves in person before the jury so that the jurors can observe their demeanor and decide whether they should be believed.” *526 cited above; Barber v. Page, cited above. 304 So.2d at 304.
*525 In a footnote to this same decision we reiterated the test for the use of prior recorded testimony as established by State v. Kaufman, 304 So.2d 300 (La.1974). That test was stated in Kaufman as follows:
In order that the transcribed testimony of a witness at a former hearing be held admissible at a subsequent trial, the federal cases require the following: 1. The defendant must have been represented by counsel at the earlier hearing. California v. Green, [399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489] cited above; Barber v. Page, [390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255] cited above; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); 2. The witness testified under oath; 3. The witness was cross-examined, or else there was a valid waiver of the right to cross-examination. Barber v. Page, cited above; 4. At the time of the trial, the witness (whether out-of-state or not) is unavailable or unable to testify. Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969); Barber v. Page, cited above; and 5. The state has made a good-faith diligent effort to obtain the presence of the witness, including by its out-of-state subpoena powers where appropriate. Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); Berger v. California,
*526 A review of the circumstances in the present case reveals a clear violation of defendants’ constitutional rights. The transcript offered into evidence by the state, containing testimony substantially detrimental to defendants,[3] should not have been admitted as defendants were neither present nor represented by counsel at the earlier hearing. Thus, each defendant was denied his right to confront the witness against him, a substantial violation of a constitutional right. U.S.Const. amend. VI; La.Const. Art. I, § 16 (1974).
The state’s reliance on our decision in State v. Dotch, 298 So.2d 742 (La.1974) is misplaced. In Dotch the recorded testimony introduced at the defendant’s trial was recorded at an earlier trial and in the presence of that same defendant. The witness on the earlier occasion had been subjected to cross-examination by the very defendant against whom in a subsequent trial the transcribed testimony was used. In the case at bar the transcription was of testimony of a witness (David Singleton) at that witness’ own trial for an armed robbery unrelated to the crime for which these defendants were on trial. The only cross-examination to which David Singleton was exposed was conducted by the state, these defendants necessarily being unrepresented at Singleton’s unrelated trial.
Finding a substantial violation of defendants’ constitutional right to confrontation we are required to reverse defendants’ convictions and sentences. La. C.Cr.P. art. 921.
OTHER ASSIGNMENTS OF ERROR
Having found reversible error in defendants’ assignment of error number five we need not address each of the additional assignments of error urged by defendants. However, as defendant Smith’s assignment of error number one may arise in the defendants’ new trial we will treat that issue now. In this assignment defendant contends that the trial court erred in denying his motion to suppress the in-court identifications as such were tainted by the imper-missibly suggestive nature of the pretrial photographic identification and pretrial line-up. We find no merit to this contention. Furthermore, even if the pretrial identifications of defendants were found to be impermissibly suggestive there was an ample independent basis for the witnesses’ in court identifications, State v. Demouchet, 353 So.2d 1025 (La.1977). This assignment lacks merit.
Therefore, finding a substantial violation of defendants’ constitutional rights in the introduction of the prior recorded testimony we reverse the convictions and sentences of defendants Frank Smith and Marvin Miller.

Decree

REVERSED AND REMANDED.

. In State v. Dotch, 298 So.2d 742 (La.1974) we upheld a trial judge’s determination that a witness who took the fifth amendment was unavailable to testify. State v. Pearson, 336 So.2d 833 (La.1976).

. Defense Counsel appropriately noted his objection to the use of the transcribed testimony as follows: “My objection is this, Your Honor, what you have is a transcript. You have a witness who’s present on the stand, although he’s invoking his Fifth Amendment right, we have no way in the world to cross examine this piece of paper.”

. The armed robbery for which defendants Smith and Miller were convicted took place in the 3600 block of Carrollton Avenue in the City of New Orleans on October 9, 1975 at approximately 1:15 p. m. A yellow Volkswagen bearing Texas license plate number HZR 710 issued to Singleton’s wife was seen by one of the witnesses leaving the robbery scene. Singleton was arrested about an hour later between 2:00 and 2:30 p. m. in that same vehicle in Algiers. A gun was found beneath the seat of the Volkswagen which was later identified as being much like that used in the October 9th robbery. At Singleton’s trial for an armed robbery which had purportedly occurred on October 2, 1975, he testified that at about noon on October 9th he had loaned his wife’s yellow Volkswagen to defendant Miller who returned the vehicle to him shortly before 2:00 p. m. At that time Miller was in the company of a second person, a male, whose identity Singleton did not take note of.