408 So.2d 1110 (1981)
STATE of Louisiana
v.
Frank SMITH.
No. 81-KA-0679.
Supreme Court of Louisiana.
December 14, 1981.
Rehearing Denied February 5, 1982.
*1111 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Fred Harper, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Dwight M. Doskey, and M. Craig Colwart of Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
SCHOTT, Justice Ad Hoc.[1]
Defendant was convicted of armed robbery and sentenced as a multiple offender to 197 years 11 months imprisonment. In his appeal from his conviction and his sentence he relies on three assignments of error.

PROCEDURAL BACKGROUND
Defendant, Frank Smith, and one Marvin Miller were jointly charged with committing armed robbery of Mrs. Joseph Santopadre on October 9, 1975. They both pleaded not guilty, and following a trial by jury they were found guilty and sentenced in January, 1976. In April, 1978, this court reversed the convictions and remanded the case. State v. Smith, 357 So.2d 524 (La. 1978). On the date of the trial now under review, May 21, 1979, Miller withdrew his plea of not guilty, entered a plea of guilty as charged, and was remanded to prison to await sentence. Following the trial the jury unanimously found defendant Smith guilty as charged. The multiple offender hearing and sentencing took place on December 18, 1979.

FACTS
On October 9, 1975, at about 1:15 PM Mrs. Santopadre was in her Tiptop Shoe Repair store on Carrollton Avenue in New Orleans when two men entered. She was alone in front of the store, her son Chris Santopadre was in a back room, and an employee, George Cox, had gone to a shop next door. One of the men stuck a gun in her stomach and announced a holdup, whereupon she immediately went to her cash register, accompanied by the two robbers. As she was handing money to them and one of them was reaching over grabbing the rest of the money, her son came to the front of the store and the man with the gun forced him to lie down on the floor. A few moments later Cox came back into the store, he was ordered to lie down by the other gunman, and the two robbers then *1112 fled from the store with the money. Chris ran out of the store after them and saw them getting into a yellow Volkswagen automobile whose license plate he took down. This information was immediately relayed to the police. A short time later the vehicle was stopped some distance and on the other side of the Mississippi River from the scene of the robbery. It was being driven by one David Singleton and a search of the car disclosed one of the weapons used in the holdup. On an anonymous tip the police subsequently arrested defendant and Miller.
A few days later the police brought a stack of black and white photographs containing defendant's photograph and Mrs. Santopadre and her son picked the defendant's photograph from the stack. In a subsequent lineup at police headquarters Chris Santopadre picked out defendant Smith and again made a positive identification. Although Mrs. Santopadre did not identify defendant Smith at the lineup she and her son both made positive identifications of defendant in court.

ASSIGNMENT OF ERROR NO. 1
By this assignment defendant contends that reversible error was committed when the clerk of the court was permitted to testify that co-defendant Miller had pleaded guilty to the offense on the morning of the trial.
After the trial the prosecutor announced that he was calling Miller to the stand as a witness. Miller, through his attorney, informed the court that he would not testify but would take the fifth amendment against self incrimination. The prosecutor argued that his plea of guilty had removed the grounds for invocation of the fifth amendment, and Miller then attempted to withdraw his plea of guilty which was denied by the court. Miller's defense counsel informed the court that he had advised Miller that he would not be required to testify and that this was one of the prime considerations for his entering a plea of guilty, and the defense counsel made it clear that Miller, if placed on the witness stand, would take the fifth amendment. Thus, the trial court could not compel Miller to testify pursuant to State v. Berry, 324 So.2d 822 (La.1975).
When the prosecutor announced his intention to put the court clerk on the stand to testify to Miller's plea of guilty, the only objection made by defendant was that this testimony was not the best evidence since Miller himself was available to testify in person. Defendant did not object that the clerk's testimony was per se inadmissible because of its irrelevancy to the guilt of the defendant Smith as he now argues in this court. Thus, this argument is untimely and is not properly before us. State v. Motton, 395 So.2d 1337 (La.1981).
In addition, the prohibition against the use of a plea of guilty by an accomplice at the trial of the other accomplice is not absolute but is sometimes relaxed according to the particular facts and circumstances of the case. United States v. King, 505 F.2d 602 (5th Cir. 1974). Co-defendant Miller was charged jointly with defendant in the bill of information which was read to the jury, he was discussed and identified by all of the witnesses as being an accomplice, and he was even brought into court physically for the purpose of identification by the witness Cox. The jury doubtless had a right to know what happened to Miller when they were charged with the grave responsibility of considering defendant's fate.
Finally, when all of the evidence is considered in this case, where the victim and her son testified clearly and unequovically that this defendant robbed her at gun point and there was absolutely no question about their identification of him, the testimony of the court clerk, even if error, was hardly prejudicial, but simple harmless error. Applying the principles of State v. Gibson, 391 So.2d 421 (La.1980) we can conclude without any difficulty that there was no reasonable possibility that the court clerk's testimony contributed to the conviction. It took place at the tail end of a trial which contained overwhelming evidence to convict *1113 this defendant of the offense charged beyond the shadow of a doubt.

ASSIGNMENT OF ERROR NO. 2
By this assignment defendant complains that his rights were prejudiced because the court did not permit him to call David Singleton as a witness in his behalf. Singleton announced that, if called, he would take the fifth amendment. Thus, it would have been error for the trial court to place him on the witness stand. State v. Berry, 324 So.2d 822 (La.1975).

ASSIGNMENT OF ERROR NO. 4
By this assignment defendant contends that his constitutional rights were violated during the multiple offender proceedings because there was no showing that the guilty plea he entered in the previous hearing was taken in accordance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, this objection and argument were not made at the trial. The only objection made at the trial had to do with the authenticity of evidence and consequently defendant is deemed to have waived his argument with respect to the guilty plea at the previous conviction. State v. Holden, 375 So.2d 1372 (La.1979).
Accordingly, the conviction and sentence are affirmed.
CALOGERO, J., dissents for reasons assigned by LEMMON, J.
DENNIS, J., concurs with reasons.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
Evidence of Miller's guilty plea was clearly irrelevant to any issue of this defendant's guilt.
The real problem with the admission of irrelevant evidence is that it may mislead the jury, because it appears to prove something it really does not prove. Here, the guilty plea by a person charged with committing a two-man robbery tended to indicate to the jury that the jointly-accused party was also guilty, but upon analysis of the evidence it is clear that the plea had absolutely no probative value in this trial. The prosecutor could have had no other purpose in introducing the guilty plea by Miller (whom Mrs. Santopadre did identify) than to establish by association the guilt of this defendant (whom the victim did not identify at the line-up).
The conviction should be reversed, and defendant should be retried by a jury that will judge, without the influence of this tainted evidence, the victim's less-than-perfect identification against the defendant's alibi defense.

On Application for Rehearing
PER CURIAM.
Relator's application for rehearing complains principally of the majority's treatment on original hearing of assignment of error number one. Pretermitting consideration of United States v. King, 505 F.2d 602 (5th Cir. 1974), its applicability to the case at bar and the merits of that decision, there is no merit to this defendant's assignment of error for the reason stated in the original opinion that defendant's objection to the clerk's testimony was simply a best evidence objection. Defendant did not alert the trial judge that he had any complaint about the relevance of the guilty plea of his accomplice or the prejudicial effect on this defendant's trial of that information. In effect he did not make a valid contemporaneous objection. The contemporaneous objection rule is designed to inform the trial judge of the basis for the objection and give him the opportunity to rule properly or, if indicated, correct an erroneous ruling, thereby avoiding possible reversal on appeal and consequently the time, effort and expense involved in a new trial. La.C.Cr.P. art. 841; State v. Rittiner, 341 So.2d 307 (La.1976).
For the foregoing reasons, the application for rehearing is denied.
NOTES
[1] Judges Schott, Chehardy and Barry of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Justices Calogero, Dennis, Watson and Lemmon.