JOAN BERNARD ARMSTRONG, Judge.
STATEMENT OF THE CASE
On August 24, 2000 the defendant was indicted for first degree murder, a charge to which he subsequently pled not guilty. Various motions were heard over the next year, including a motion to suppress the identification. One of the eyewitnesses to the murder died at some point after this hearing, and the State subsequently filed a motion to introduce at trial the testimony of this witness from the suppression hearing. On November 16, 2001 the court granted the State’s motion. The defendant noted his objection and now comes before this court arguing that the trial court erred by so ruling.
FACTS
The defendant has been indicted for the first degree murder of Ray Anderson occurring sometime before May 2000 at a house in the 2300 block of A.P. Tureaud Avenue, a residence apparently used as a *968 gambling/house. Witnesses to the murder viewed two photographic lineups but were unable to identify anyone from either lineup.
In May 2000, more than a month after the murder in this case, another murder occurred on Tennessee Street. The police recovered casings and a bullet | ¿from that shooting, and they were later found to match those in the Anderson murder. Detectives investigating that murder developed the names of five suspects, one of whom was the defendant Desmond Robinson. The photos of these suspects were placed in lineups, and from one of these lineups the two witnesses in the Anderson murder positively identified the defendant.
DISCUSSION
The defendant argues the trial court erred by allowing the State to introduce at trial the testimony of an eyewitness given at the hearing on the motion to suppress the identification. The witness died after the hearing, and the State moved to introduce his suppression motion testimony at trial. The defendant contends this testimony cannot be introduced at trial, however, because the hearing from which the testimony was taken had a different purpose than the trial at which the State seeks to introduce it.
The State seeks to introduce this testimony pursuant to La.C.Cr.P. art. 804(B)(1), which provides:
B. Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a party with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given in another proceeding by an expert witness in the form of opinions or inferences, however, is not admissible under this exception.
The State argued in its motion that the purposes of both hearings (the suppression and the trial) are similar, and thus the testimony should be admissible at trial.
|sThe relator now argues that this prior testimony cannot be introduced at trial because it was not taken at a preliminary hearing or at a prior trial. In support, he cites State v. Williams, 98-1201 (La.App. 4 Cir. 11/18/98), 727 So.2d 1173, where this court held that the State could not introduce at trial the testimony of a witness given at a suppression hearing. The State believed the witness was going to testify differently at trial than he had at the suppression hearing, and the State wished to introduce this prior testimony not for impeachment purposes, but as substantive evidence of the defendant’s guilt. The trial court denied the motion, and the State sought writs. This court affirmed the trial court’s ruling, based both upon State v. Cousin, 96-2973 (La.4/14/98), 710 So.2d 1065, which held that prior testimony could not be used as substantive evidence of guilt, and upon La. C.E. art. 801(D)(1)(a), which dealt with the use of prior testimony for impeachment purposes. As per the express language of art. 801(D)(1)(a), only a witness’ testimony at a preliminary hearing or earlier trial may be admitted.
By contrast, the State here does not seek to introduce the witness’ testimony pursuant to art. 801(D)(1)(a), which speaks of impeachment and is limited to only testimony given at a preliminary hearing or trial. Instead, it seeks to introduce this testimony pursuant to art. 804(B)(1), which is not tied to the impeachment of a testifying witness, but rather addresses the testimony of an unavailable witness, and which does not limit the type of prior testimony *969 to only that given at a preliminary hearing or a prior trial.
The Supreme Court in State v. Sylvester, 343 So.2d 1020 (La.1977) considered the admissibility at a subsequent trial of testimony from a Prieur hearing where the witness at the Prieur hearing was deceased by the time of trial. The Court stated:
|4When the state wishes to introduce the recorded testimony of a witness at a prior hearing, there must be an examination into whether the constitutional safeguards, particularly the right of constitution embodied in the federal and state constitution are violated. U.S. Const. Amend. VI; La. Const. art. I, s 16 (1974). As we have stated in State v. Pearson, [336 So.2d 833,] 835 [(La.1976),] ‘One reason that this right is so fundamental to our law is that it guarantees that the witnesses who participate in the deprivation of a person’s freedom present themselves in person before the jury so that the jurors can observe their demeanor and decide whether they should be believed.’ This face-to-face viewing of witnesses is no less critical when the witness is to testify to other acts of the accused pursuant to R.S. 15:445 and 446 than when the witness is to testify as to the accused’s guilt of the crime charged. Before an accused can be deprived of his freedom by means of recorded, not live, testimony, the federal and state constitutions require that certain standards be satisfied. In addition to other standards not at issue here, [footnote omitted] the testimony of a witness from a previous judicial proceeding against the same defendant in the same case can only be admitted in transcript form when there is an identity of issues between the former proceeding and the trial on the merits. State v. Augustine, [252 La. 983, 215 So.2d 634 (La.1968) ]. As stated in McCormick in his Law of Evidence:
‘It is often said that the issue in the two suits must be the same. But certainly the policy mentioned does not require that all the issues ... in the two proceedings must be the same, but at most that the issue on which the testimony was offered in the first suit must be the same as the issue upon which it is offered in the second. Additional issues or differences in regard to issues upon which the former testimony is not offered are of no consequence. Moreover, insistence upon precise identity of issues, which might have some appropriateness if the question were one of res judicata or estoppel by judgment, are out of place with respect to former testimony where the question is not of binding anyone, but merely of the salvaging, for what it may be worth, of the testimony of a witness not now available in person. Accordingly, modern opinions qualify the | ¿requirement by demanding only ‘substantial’ identity of issues.’ (footnotes omitted) McCormick, Law of Evidence, s 257 (1972).
Sylvester, 343 So.2d at 1022-1023. The Court found that the purpose of a Prieur hearing was substantially the same as that of a trial, to prove the defendant committed the act, and it found the trial court erred by disallowing the introduction of this evidence. In so doing, the Court distinguished State v. Augustine, 252 La. 983, 215 So.2d 634 (La.1968), where the Court had disallowed the introduction of prior testimony of a psychiatrist concerning the defendant’s mental state, not at the time of the offense, but at some point after the offense. The Court also ordered the trial court to redact the prior testimony to include only the testimony needed to show the witness’ knowledge of the events in question.
*970 We note that the State in Sylvester sought to introduce this evidence under La.C.Cr.P. art. 295, which under its very terms limits the introduction of an unavailable witness’ prior testimony to that given at the defendant’s preliminary hearing.[1] Indeed, when discussing the admissibility of a videotape of a witness’ testimony at a preliminary hearing as per art. 295, the Court in State v. Hills, 379 So.2d 740, 743-744 (La.1980), stated:
It is well settled that, before testimony given at a prior hearing may be introduced in evidence at a subsequent trial, without offending the confrontation and cross-examination clauses of the federal and state constitutions, certain conditions must be met: (1) defendant must have been represented by counsel at the earlier hearing; (2) the witness testified under oath; (3) the witness was cross-examined or else there was a valid waiver of the right to cross-examination; (4) at the time of the trial, the witness (whether out of state or not) is unavailable or unable to testify; and (5) the state has made a good faith diligent effort to obtain the presence of the witness, including by its out-of-state subpoena powers where appropriate. State v. West, 363 So.2d 513 (La.1978); State v. Kaufman, 304 So.2d 300 (La.1974), Cert. denied, 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 591 (1976).
See also State v. Robinson, 423 So.2d 1053 (La.1982), which also addressed the admissibility of preliminary hearing testimony. In State v. Johnson, 27,522 (La.App. 2 Cir. 12/6/95), 665 So.2d 1237, the court looked to both La.C.Cr.P. art. 295 and La. C.E. art. 804(B)(1) to find that testimony from a preliminary hearing was admissible at trial where the witness who testified at the preliminary hearing was unavailable.
Here, the testimony the State seeks to introduce was taken at the hearing on the motion to suppress the witness’ identification of the defendant. That witness is now dead. Applying the factors set forth in Hills, the defendant was represented by counsel at the suppression hearing, who thoroughly cross-examined the witness at that time. The witness was under oath at the time of the hearing. He has since died of cancer and is indisputably unavailable for trial; no effort on the part of the State will make him appear. Contrary to the relator’s assertion, the purpose of the testimony at the suppression hearing will be substantially the same as its purpose at trial: to show that the witness had an adequate basis by which he could identify the defendant as the shooter and to show the identification was not the product of any wrongdoing on the State’s part. As such, the testimony fits within the parameters of La. C.E. art. 804(B)(1), and the trial court did not err by finding it will be admissible at trial.
Accordingly, the judgment of the trial court is affirmed.

WRIT GRANTED; JUDGMENT AFFIRMED.

. La. C.E. art. 804(B)(1) did not exist at that time.